Ruffin, C. J.
 

 The coroner’s return was properly admitted. The
 
 Rev. Stat. Ch.
 
 31,
 
 Sec.
 
 126-7, requires sheriffs and coroners to serve all notices in any cause or proceeding, and enacts that their returns on the notices shall be evidence of the service. But the objection is, that Jones was not coroner, because he did not renew his bond, or the Court did not accept a new bond from him, and that, therefore, he was not capable of holding the office, according to the statute. Rev.
 
 St. Ch. 25, Seel
 
 3. It is no part of the objection that Jones, who had been duly appointed and admitted into office originally, was not
 
 *205
 
 acting as coroner, and so recognised generally by the public authorities and the community..
 

 Therefore, those facts are to be assumed ; and, so assuming, it is clear, that the want of an official bond does not impair the validity of his acts, as
 
 defacto
 
 the coroner, in reference, at least, to third persons.
 
 Burke
 
 v.
 
 Elliott,
 
 4 Ired. 355.
 
 Gilliam
 
 v.
 
 Reddick,
 
 4 Ired 368.
 

 In the case of
 
 Adams
 
 v.
 
 Turrentine,
 
 the Court has already decided at this term, that nothing can excuse the sheriff for the escape of a debtor, but the act of God, or of the enemies of the Country.
 

 The remaining point is, whether Flemming was duly committed to the custody of the defendant, in execution on the plaintiff’s judgment. Objection is made, both to the authority of the Court to commit in this case, and also to the form of the commitment. The authority of the Court is questioned upon the strength of the provisions of the Act of 1777,
 
 Ch.
 
 115,
 
 Sec. 22
 
 — which provides, that, if a sheriff shall return upon a
 
 scire facias
 
 against bail, that the principal is imprisoned by virtue of any process civil or criminal, the Court, to which such
 
 scire facias,
 
 is returnable, shall, on motion of the plaintiff or bail, order that “such principal be retained where he shall be a prisoner until the plaintiff’s judgment and costs shall be paid, or be otherwise discharged by due course of law ; and that a copy of the order served on the keeper of such prison, before such prisoner’s releasement, shall be sufficient authority for him to retain such prisoner, until such order be complied with.” The Act further provides, that this shall be deemed a surrender of the principal, and a discharge of the bail. It is said, that this gives a special authority to commit under the particular circumstances of a
 
 scire facias
 
 against bail, and the return there on of the sheriff, of the imprisonment of the principal by him ; and that, as the sheriff did not so return on this
 
 sci. fa.
 
 and indeed could not, inasmuch as the imprisonment was in another County, the Superior Court of Davidson could
 
 *206
 
 not, in the debtor’s and sheriff’s absence, commit in execution. But we think the nature of this enactment is entirely mistaken, and that the object was not to confer a jurisdiction or authority on the Court in a particular case, but to give a privilege, in that case, to the bail, rendered necessary by the situation of our Country, and by our judiciary system, and to make it imperative upon the Court to act on certain evidence to that end. It is an ancient common law jurisdiction to commit in execution, by order of record, such persons as are surrendered by their bail, or upon a judgment recovered against one already in prison. The regulations of the modes of proceeding are not prescribed positively by statutes, but exist as rules of practice adopted by the Courts, from tim.8 to time, for the convenience of the suitors, bail, and officers, to prevent surprise on the one hand, and oppression on the debtor, on the other hand. The subject is well treated, and the nature of the jurisdiction well explained in
 
 Tidd’sPr.
 
 286, 364; and 2
 
 Sellon’s Pr.
 
 100 to 111, both as to the modes of committing, and to the
 
 super-sedeas.
 
 Now surrenders may even be made before a Judge at his chamber and he may order the
 
 committitur ;
 
 and for any irregularity the debtor has his
 
 supersedeas.
 
 It is unnecessary to comment particularly upon those passages, as they have no obligation here, and are only referred to, as shewing the nature of the jurisdiction and the practice under it. The
 
 committitur
 
 is, in substance, a
 
 capias ad satisfaciendum,
 
 and therefore within the power of the Court at common law to award, and is often indispensable, where the party cannot resort immediately to his
 
 ca. sa.;
 
 for example, when the principal is sur- . rendered during the term in which the judgment is taken. As the
 
 ca. sa.;
 
 does not go until the term ended, the commitment in execution is absolutely necessary to the security of the creditor. Now, in England, the course is to bring up a prisoner from another jail by
 
 habeas corpus,
 
 in order to his surrender and to charge him in execution ;
 
 *207
 
 and it is generally highly proper in order to identify him to the Court and to the officer, and to justify the latter as to the person, if sued for detaining the wrong person, as well as for other reasons. But there is nothing in the nature of the thing to prevent the Court from making an order of commitment of a person, not present in Court; and. in many cases in this State, the power to make such an order is absolutely necessary to the convenience of parties and the advancement of justice. By the Act of 1777, bail have the right to surrender the principal; but it can be done only to the sheriff, who made the arrest, or in open Court. But, if the principal be in prison in another County, he cannot be surrendered to the sheriff who arrested him ; and, in many cases, it would be impossible, and, in most, highly inconvenient, to bring him to the Court in person.
 

 For our Counties are so numerous and so distant, .from each other, and the terms of our Courts so short, that after process served on the bail and returned, the
 
 habeas corpus
 
 could not issue, and the party be brought in time to relieve the bail. True, the
 
 habeas corpus
 
 might be made returnable to a subsequent term; but that would be highly mischievous, as the sheriff cannot take bail after judgment, and would be compelled to retain the prisoner the whole time under all circumstances. Besides, the provision of the Aet extends to all cases, whether in the County, or the Superior Court. Therefore, in cases, in which a debtor is lawfully imprisoned in one County, and his bail is proceeded against in the Court of another County, it was a justice done to the bail, that he should be relieved upon shewing those facts, without being required to make an actual surrender in Court. It was the purpose of the Legislature to require such relief for the bail from the Courts, and also to make the return of the sheriff on the
 
 scire facias
 
 against the bail sufficient evidence.
 

 
 *208
 
 But, certainly, it was not intended to make that the only evidence, nor to say that, in the case of such a return only, should the Court order the
 
 commitlitur,
 
 or order it in the absence of the party. Why should it have been so enacted
 
 1
 
 It is possible, indeed, that the person in prison may be mistaken, and may not be the debtor. But, suppose the fact, the prejudice can be no greater to him than would result from his arrest as the debtor under a
 
 ca. sa.;
 
 and his remedies would be as ready and as complete. In either case he would get a
 
 supersedeas
 
 or
 
 habeas corpus
 
 ; in the latter he would have his action also against the sheriff, and in the former, against the creditor or bail. But, at all events, the Legislature has positively enacted that, as is admitted, it may, and, as we think, shall be done in one case; and therefore, there can be no reason why the Courts may not mould their practice, on this subject, so as to make it, in other cases, conform in principle to the legislative enactment, and promote the convenient administration of justice. In
 
 Granbery
 
 v.
 
 Pool,
 
 3 Ired. 155, it was taken for granted, that, by the sound construction of the Act of 1777, orders for commitment in execution might be made in all cases, where the principal was imprisoned within the State, and a copy of the order served on the sheriff, would justify his detention. It is impossible, the Act is to be restricted to the narrow limits contended for in this case. For, suppose the sheriff refuse to return the imprisonment, although the fact be so, is the bail to lose the benefit of the fact, and be forced to trial at the first term and fixed with the debt ? Surely not. The substance of the provision is, that if the principal be imprisoned, so that the bail cannot surrender him personally in Court, when the bail is called to answer for the debt, he may make the fact appear, and he shall be discharged as upon a surrender. Indeed, the Act says, such imprisonment shall be
 
 deemed
 
 a surrender, and therefore it may be pleaded, and relied on as having that effect. If the
 
 *209
 
 bail be discharged thereby, it is a necessary consequence, that the creditor has a right to demand a
 
 committitur,
 
 as a security for his debt. It may well be, that the Court is not bound, and therefore, would not accept a surrender of this kind from the bail, before a step taken to charge the bail by
 
 scire facias,
 
 inasmuch as it may be in the power of the bail to surrender the principal, when the creditor shall call for him. But in the case before us, the bail was clearly entitled to be exonerated, since the creditor was seeking to fix the bail, and would have done so, unless the principal’s imprisonment authorised an exoneration; and the exoneration of the bail gives the creditor the right in justice, and according to the Act of ’77, to require the debtor’s detention in execution.
 

 It is the opinion of the Court, therefore, that the
 
 com-mittitur
 
 was rightly made upon the facts found, when it was ordered.
 

 But, whether it was so or not, and admitting it to have been erroneous for the reason that it was not founded on a proper return of the sheriff, yet that would not excuse the escape. For the subject was within the jurisdiction of the Court and the sheriff could not tell that the Court had not acted on a case within the words of the act, and ought not to be prejudiced by any error of the Court in that respect; and, therefore, the
 
 committitur,
 
 when served on the sheriff, was “ a sufficient authority for him to ra-taih the prisoner.” If the sheriff be justified in detaining the prisoner, it is perfectly settled that he is bound to do so, when there is a judgment. As he is not chargeable for the error in the judgment or process, such errors cannot excuse him, unless they be such as render the whole absolutely void, as for want of jurisdiction and the like. It is not for the sheriff to allege, that the Superior Court made the order upon insufficient evidence. Moreover, it appears in this case, that, in point of fact, Flem-ming, the plaintiff’s debtor, was lawfully imprisoned
 
 *210
 
 under the custody of the defendant, in the 'jail of Orange at the time, that in the Court of Davidson he was so found to be, and ordered to be retained by the defendant. No injustice then was done to any person by the com-
 
 mittitur,
 
 and the defendant was duly served with a copy of it.
 

 It was further said, that the order was made in the suit against the bail, and not in that between Mabry and Flemming; and for that reason, that it was not a commitment on the judgment in the latter case. We do not know that we can understand, that the order was made on the record of either suit, after it was made up and engrossed. We presume it was put on the minutes in the usual way during the term, and that it is to be considered a part of the record, to which it properly belongs ultimately. But, we do not deem that at all material, as the suit against the bail is founded on the first judgment— being a
 
 scire facias
 
 on that record, to which
 
 nul tiel record
 
 is pleadable ; and the whole is so much one.suit, that after judgment against the bail, execution may issue against the principal and the bail jointly,
 
 Rev. Stat. c.
 
 10,
 
 s. 3.
 
 The order was therefore made in the suit .against Flemming. It specifies the debt and costs, and substantially conforms to the precedents, as modified by the Act, directing the Court to “ order the defendant to be retained where he is prisoner, until the plaintiff's judgment and costs shall be paid, or be otherwise discharged by due course of law.” It is in effect a
 
 ca. sa.
 
 and ought to render the defendant chargeable in like manner for an escape, as is settled in England, and has been held by tlfis Court.
 
 Lash
 
 v.
 
 Ziglar, 5
 
 Ired. 702.
 

 Per Curiam. Judgment arrested.